**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JESSE LENTE,

    Petitioner,

v.                                                                             Civ. No. 20-0638 RB-KRS

FNU LNU,
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Jesse Lente's Motion for Extension of Time to File 28 U.S.C. § 2254 Claims (Doc. 1) (Motion). Mr. Lente wishes to challenge his state convictions for criminal sexual penetration and asks the Court to extend on the one-year habeas limitation period. Having reviewed the state criminal docket under Habeas Corpus Rule 4, it appears the limitation period expired in 2006. The Court will allow Mr. Lente to file a § 2254 petition and attempt to establish grounds for tolling, or alternatively, abandon this proceeding without the Motion counting as his "first" habeas petition.

## I. Procedural Background[1]

In 2002, a jury convicted Mr. Lente of at least 26 child abuse charges, including criminal sexual penetration of a child under 13, criminal sexual contact, interference with communications,

---

[1] In setting forth the procedural history, the Court took judicial notice of Lente's state court criminal dockets, Case Nos. D-202-CR-2000-05150, A-1-CA-23934, A-1-CA-38876, S-1-SC-29365, S-1-SC-35122, S-1-SC-36537, S-1-SC-36540, and S-1-SC-38548. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another forum); *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed"). The New Mexico Supreme Court also set out a procedural history in *State v. Lente*, 453 P.3d 416 (N.M. 2019), which is consistent with the state dockets.

and bribery of a witness. *See State v. Lente,* 453 P.3d 416, 421 (N.M. 2019); Verdicts in D-202-CR-2000-05150. The state court sentenced him to 236 years imprisonment. *See* Judgment entered February 20, 2003 in D-202-CR-2000-05150. Mr. Lente appealed, and the New Mexico Court of Appeals (NMCA) affirmed. *See* Opinion in A-1-CA-23934; *State v. Lente*, 119 P.3d 737 (N.M. App. 2005). The New Mexico Supreme Court (NMSC) denied certiorari relief, and the NMCA issued a final mandate resolving the direct appeal on September 19, 2005. *See* Order in S-1-SC-29365; Mandate in D-202-CR-2000-05150. The state dockets reflect Mr. Lente did not seek further review with the United States Supreme Court (USSC). His conviction therefore became final, at the latest, on December 20, 2005, *i.e.,* the first business day after expiration of the 90-day federal certiorari period. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (where petitioner declines to seek federal certiorari review, the conviction becomes final after the 90-day USSC certiorari period has passed).

There was no substantive case activity for the next five years. *See* Docket Sheet in D-202-CR-2000-05150. On August 31, 2010, Mr. Lente filed a motion seeking discovery of exculpatory evidence and trial transcripts. *See* Motion in D-202-CR-2000-05150. The state court provided the trial transcripts but did not explicitly rule on Mr. Lente's argument regarding constitutional violations. *See* Order entered December 7, 2010 in D-202-CR-2000-05150. On May 14, 2013, Mr. Lente filed the first of several state habeas petitions. *See* Habeas Corpus Petition in D-202-CR-2000-05150. The state trial court initially granted habeas relief, finding the various sex abuse charges violate double jeopardy principles and there was insufficient evidence to support the convictions. *See* Amended Order entered June 6, 2017 in D-202-CR-2000-05150. However, the NMSC reversed that ruling on October 31, 2019. *See State v. Lente*, 453 P.3d 416 (N.M. 2019).

Mr. Lente continues to litigate in the state court, which denied his most recent motion to reconsider on February 19, 2020. *See* Order in D-202-CR-2000-05150.

On July 1, 2020, Mr. Lente filed the instant Motion (Doc. 1). He estimates the habeas limitation period expires on December 15, 2020 and seeks an extension through April 6, 2021 to file a federal 28 U.S.C. § 2254 habeas petition. The Court finds it is appropriate to explain the statute of limitations so that Mr. Lente can weigh his options on how to proceed.

## II. Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, a criminal conviction becomes "final" through "the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269,

1272–1273 (10th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(1)(A)). It appears Mr. Lente's Judgment became final, and the habeas limitation period began to run, no later than December 20, 2005. Mr. Lente elected not to seek direct review in the USSC, and that date represents the expiration of the 90-day USSC certiorari review period. *Id.*; *Rhine*, 182 F.3d at 1155. The state court docket reflects there was no case activity during the next year. Absent tolling, the one-year limitation period expired by December 20, 2006, and any § 2254 claims would be time-barred.

Mr. Lente appears to believe that the one-year period is tied to the conclusion of his most recent habeas appeal with the NMSC, Case No. S-1-SC-36537. (Doc. 1 at 1). The NMSC issued its mandate reversing the state order granting habeas relief on December 4, 2019. *See* Mandate in S-1-SC-36537. However, any state habeas proceedings filed after 2006 cannot restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after … the end of the limitations period").[2] The 2019 NMSC ruling therefore has no bearing on the timeliness of Mr. Lente's § 2254 claims.

---

[2] The Supreme Court has created one exception to this general rule. *Jimenez v. Quarterman* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. 113, 120–21 (2009). The *Jimenez* exception is inapplicable here because Lente filed a direct appeal immediately after his trial, and his appeal period was never reopened.

In light of this timeline, the Court will give Mr. Lente two options. He can dismiss this action without prejudice, or alternatively, proceed and attempt to establish grounds for tolling. If Mr. Lente wishes to pursue § 2254 relief, he must do the following by **December 18, 2020**:

(1) File his claims on the official § 2254 form;

(2) Prepay the $5 fee or, alternatively, file a motion to proceed *in forma pauperis*; and

(3) Show-cause why the habeas claims are not time-barred. Mr. Lente can include his show-cause arguments in the § 2254 petition or file a separate show-cause response addressing timeliness. Either way, any § 2254 filing must address timeliness.

If Mr. Lente timely files a § 2254 petition, the pleading will relate back to his July 1, 2020 Motion, though this may not save otherwise untimely claims. The Court will direct the Clerk's Office to mail Mr. Lente a form § 2254 petition and *in forma pauperis* motion.

If Mr. Lente does not wish to prosecute § 2254 claims, he may simply decline to respond to this Order. The failure to timely comply with all three above directives (file the proper form, address the filing fee, and include a show-cause response addressing timeliness) will result in dismissal of this action without further notice. If Mr. Lente elects not to pursue this action, the Motion will not count as his "first" § 2254 habeas action, and any subsequent § 2254 actions will not be subject to the restrictions on 'second or successive' habeas filings. *See Castro v. United States,* 540 U.S. 375, 382 (2003) (noting that absent circuit authorization, federal district courts only have jurisdiction to consider a petitioner's "first" habeas proceeding on the merits).

**IT IS ORDERED** that if Mr. Lente wishes to pursue federal habeas relief, he must do the following by **December 18, 2020**: (1) file a § 2254 petition on the official form; (2) prepay the $5

fee or, alternatively, file a motion to proceed *in forma pauperis*; and (3) show-cause in writing why any § 2254 claims are not time-barred.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Mr. Lente a form § 2254 petition and a form motion to proceed *in forma pauperis*.

_____
UNITED STATES MAGISTRATE JUDGE