IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE LENTE,

    Petitioner,

v.                                                                                      No. 20-cv-0638 RB-KRS

FNU LUN,
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Jesse Lente's Habeas Corpus Petition Under 28 U.S.C. § 2254 Claims. (Doc. 5.) Petitioner challenges his state convictions for criminal sexual penetration based on, inter alia, ineffective assistance of counsel. The Court previously directed him to show cause why his § 2254 claims should not be dismissed as untimely. Because there are no grounds for tolling, the Court must dismiss the Petition.

**I.  BACKGROUND**

The following background is taken from the Petition and Petitioner's state court criminal dockets, Case Nos. D-202-CR-2000-05150, A-1-CA-23934, A-1-CA-38876, S-1-SC-29365, S-1-SC-35122, S-1-SC-36537, S-1-SC-36540, and S-1-SC-38548. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another forum); *Mitchell v. Dowling,* 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed"). The New Mexico Supreme Court (NMSC) also set out a procedural history in *New Mexico v. Lente*, 453 P.3d 416 (N.M. 2019), which is consistent with the state criminal docket entries.

In 2002, a jury convicted Petitioner of at least 26 child abuse charges, including criminal sexual penetration of a child under 13, criminal sexual contact, inference with communications, and bribery of a witness. *See Lente*, 453 P.3d at 421; *see also* Verdicts in D-202-CR-2000-05150. By a Judgment entered February 20, 2003, the state court sentenced him to 236 years imprisonment, minus two days. (*See* Doc. 5 at 3.) *See also* Judgment in D-202-CR-2000-05150. Petitioner appealed, the New Mexico Court of Appeals (NMCA) affirmed, and the NMSC denied certiorari relief. *See* Opinion in A-1-CA-23934; Order in S-1-SC-29365; *New Mexico v. Lente*, 119 P.3d 737 (N.M. Ct. App. 2005).[1] On September 19, 2005, the NMCA issued a final mandate resolving the direct appeal. *See* Mandate in D-202-CR-2000-05150. The state dockets reflect Petitioner did not seek further review with the United States Supreme Court (USSC). His conviction therefore became final, at the latest, on December 20, 2005, *i.e.*, the first business day after expiration of the 90-day federal certiorari period. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (where petitioner declines to seek federal certiorari review, the conviction becomes final after the 90-day USSC certiorari period has passed).

There was no substantive case activity for about five years. *See* Docket Sheet in D-202-CR-2000-05150. On August 31, 2010, Petitioner filed a motion seeking discovery of exculpatory evidence and trial transcripts. *See* Motion in D-202-CR-2000-05150. The state court provided the trial transcripts but did not explicitly rule on Petitioner's argument regarding constitutional violations. *See* Order entered Dec. 7, 2010 in D-202-CR-2000-05150. On May 14, 2013, Petitioner

---

[1] Petitioner alleges his counsel did not seek certiorari review. (*See* Doc. 5 at 3.) It is not clear whether he means certiorari review with the NMSC, which is controverted by the state docket, or federal certiorari review. In any event, as discussed below that claim pertains to the merits of Petitioner's ineffective assistance claim, rather than the timeliness of his claims.

filed the first of several state habeas petitions. *See* Habeas Corpus Petition in D-202-CR-2000-05150. The state trial court eventually granted habeas relief in 2017. The state trial court found the various sex abuse charges violated double jeopardy principles, and there was insufficient evidence to support the convictions. *See* Amended Order entered June 6, 2017 in D-202-CR-2000-05150. However, the NMSC reversed that ruling on October 31, 2019. *See Lente*, 453 P.3d 416. Petitioner continued to litigate in the state court, which denied the most recent motion to reconsider his sentence on February 19, 2020. *See* Order in D-202-CR-2000-05150.

On July 1, 2020, Petitioner initiated the federal case by filing a *pro se* Motion for Extension of Time Under 28 U.S.C. § 2254. (Doc. 1.) Petitioner believed his habeas limitation period expired on December 15, 2020, and sought an extension to file a federal 28 U.S.C. § 2254 habeas petition. The Court reviewed the Motion for Extension together with Petitioner's state criminal dockets and determined that, absent grounds for tolling, the habeas limitation expired years before he filed the Motion for Extension. By a Memorandum Opinion and Order entered November 18, 2020, the Court explained the statute of limitations and gave Petitioner two options on how to proceed. (*See* Doc. 4 ("Screening MOO").) The Screening MOO permitted Petitioner to either dismiss this action without prejudice, in which case it would not count as his "first" habeas action, or alternatively, proceed and attempt to establish grounds for tolling. In the event Petitioner wished to proceed, the Screening MOO fixed a deadline of December 18, 2020, for him to file his claims on the proper § 2254 form; address the filing fee; and show cause why the habeas claims are not time-barred. (*See id.* at 5.) The Screening MOO stated: "Petitioner can include his show-cause arguments in the § 2254 petition or file a separate show-cause response addressing timeliness. Either way, any § 2254 filing <u>must</u> address timeliness." (*Id.*)

Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 5) (Petition), which is handwritten but substantially follows the official form. The Petition raises claims for ineffective assistance of counsel, double jeopardy, due process violations, prosecutorial misconduct, and interference with the right to appeal. *See* Doc. 5 at 3. Petitioner also filed a Motion to Proceed *In Forma Pauperis* (Doc. 6), which reflects he is unable to prepay the filing fee. The Court will grant that Motion and address timeliness, which is a threshold requirement for obtaining federal habeas relief. *See* Habeas Corpus Rule 4 (requiring courts to conduct a *sua sponte* review and dismiss any petition where relief is clearly barred); *Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition").

## II.  DISCUSSION

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

1. While a state habeas petition is pending, § 2244(d)(2);
2. Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);
3. Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or
4. Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because the limitation period is not jurisdictional, it may also be extended through equitable tolling. *See Clay v. United States*, 537 U.S. 522, 524 (2003).

As noted above, a criminal conviction becomes final through "the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272–

1273 (10th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(1)(A)). Petitioner's criminal Judgment became final, and the habeas limitation period began to run, no later than December 20, 2005. Petitioner elected not to seek direct review in the USSC, and that date represents the first business day after expiration of the 90-day USSC certiorari review period. *Id.*; *Rhine*, 182 F.3d at 1155. The state court docket reflects there was no case activity during the next year. Absent tolling, the one-year limitation period expired by December 20, 2006, and any § 2254 claims are time-barred.

The Court explained these principles in the Screening MOO, which set forth the state court timeline and the legal standards for equitable and statutory tolling. The Petition does not contest the above timeline, nor does it directly address the time-bar or tolling. Petitioner instead presents detailed arguments and facts in support of his underlying habeas claims. Federal courts cannot grant relief on the merits of a habeas claim unless the petitioner complies with the stringent procedural requirements of §§ 2244 and 2254, including the one-year limitation period. *See United States v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018) ("Before addressing the merits of [petitioner's] claim, he must show that he can satisfy the procedural requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA). . . . The first of these barriers is timeliness."). Thus, any alleged defects in the state criminal proceeding cannot save the otherwise untimely § 2254 Petition.

The Court will also address Petitioner's implied assertion that the one-year period is tied to the conclusion of his most recent habeas appeal with the NMSC, Case No. S-1-SC-36537. The NMSC issued its mandate reversing the state trial order granting habeas relief on December 4, 2019. *See* Mandate in S-1-SC-36537. As explained in the Screening MOO, any state habeas proceedings filed after 2006 cannot restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas]

5

filing submitted after the . . . [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after . . . the end of the limitations period").[2] The 2019 NMSC ruling therefore has no bearing on the timeliness of Petitioner's § 2254 claims.

The Court discerns that Petitioner did not know about federal habeas relief until years after his conviction became final. In the section of his Petition addressing appeals, he alleges counsel failed to seek certiorari review, presumably with the USSC, and he believed he had reached the end of the appeal process. (*See* Doc. 5 at 3.) Elsewhere in the Petition, he argues he has no legal training. (*Id.* at 13.) The Court is sympathetic to the fact that obtaining federal habeas review is an uphill battle, particularly for *pro se* inmates. However, it is well settled that ignorance of the law cannot excuse an untimely habeas filing. *See Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000) ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Taylor v. Wade*, 789 F. App'x 674, 677 (10th Cir. 2019) ("[N]either [petitioner's] misapprehension of the law nor his . . . claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition"); *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"); *Hickmon v. Mahaffey*, 28 F. App'x 856, 858 (10th Cir. 2001) (same).

---

[2] The Supreme Court has created one exception to this general rule. *Jimenez v. Quarterman* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. 113, 120–21 (2009). The *Jimenez* exception is inapplicable here because Petitioner filed a direct appeal immediately after his trial, and his appeal period was never reopened.

Finally, to the extent Petitioner contends his attorneys improperly failed to inform him about his federal habeas rights, this is also not enough to overcome the time-bar. To obtain tolling based on attorney misconduct, the attorney's actions must be "[p]articularly egregious, . . . such as repeated, deceitful assurances that a habeas petition would soon be filed." *Trujillo v. Tapia*, 359 F. App'x 952, 955 (10th Cir. 2010) (citing *Fleming v. Evans*, 481 F.3d 1249, 1255–56 (10th Cir. 2007)); *see also Montoya v. Milyard*, 342 F. App'x 430, 432 (10th Cir. 2009) (equitable tolling is available where an attorney "affirmatively misled his client"). The failure to explain the federal habeas deadline does not qualify as egregious misconduct. *See Montoya v. Milyard,* 342 Fed. App'x 430, 432 (10th Cir. 2009) (confirming that equitable tolling was unavailable based on "counsel's failure to notify [petitioner] of the [habeas] statute of limitations"); *Holland v. Florida*, 560 U.S. 631, 651–52 (2010) ("[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.").

For these reasons, the Court concludes Petitioner has not established grounds for tolling the one-year limitation period. The habeas limitation period expired, at the latest, in 2006, and the federal habeas proceeding initiated on July 1, 2020 is time-barred. The Court must dismiss the Petition (**Doc. 1**) with prejudice. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that the Motion to Proceed *In Forma Pauperis* (**Doc. 6**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner Jesse Lente's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (**Doc. 5**) is **DISMISSED with prejudice**; a certificate of

7

appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE